IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MTP HOSPITALITY SOLUTIONS, INC., and MT ODESSA HOSPITALITY, LTD. § § § Plaintiffs, § § v. § AFFILIATED FM INSURANCE COMPANY, § § § Defendant. § | CIVIL ACTION NO.: 7:21-cv-00247 |

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, Defendant Affiliated FM Insurance Company ("AFM") and files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

**I.
SUMMARY OF NOTICE**

1. This lawsuit arises out of Plaintiffs MTP Hospitality Solutions, Inc., and MT Odessa Hospitality, Ltd. ("Plaintiffs") claim for coverage under a commercial property insurance policy issued by AFM for damage purportedly sustained by a commercial property. Plaintiffs – who according to their Petition are currently doing business in Ector County, Texas – assert several common law and statutory causes of action against AFM – a foreign insurance company organized under the laws of Rhode Island, with its principal place of business in Rhode Island.

2. Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiffs and AFM, removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## INTRODUCTION

3.      Plaintiffs commenced this action on November 12, 2021, by filing Plaintiffs' Original Petition ("Original Petition") in the County Court at Law No. 1, Ector County, Texas – Cause No. CC-21-0388-CV.

4.      AFM was served with a copy of Plaintiffs' Original Petition on November 23, 2021. AFM thus files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B).

5.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

## III.
## BASIS FOR REMOVAL

6.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.    Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and AFM**

7.      A corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business. Here, Plaintiff MTP Hospitality Solutions, Inc. is a Texas corporation with its principal place in Midland, Texas. Because Plaintiff MTP Hospitality Solutions, Inc. is incorporated under the laws of the state of Texas and its principal places of business is in Texas, Plaintiff MTP Hospitality Solutions, Inc. is a citizen of Texas for purposes of diversity jurisdiction.

8.      The citizenship of a limited partnership is determined by the citizenship of its partners. Plaintiff MT Odessa Hospitality, LTD is a Texas Limited Partnership formed under the

laws of Texas. Plaintiff MT Odessa Hospitality, LTD's Texas Franchise Tax Public Information Report identifies MT Odessa Management, LLC as its General Partner.[1] The citizenship of an LLC is determined by the citizenship of all of its members.[2] MT Odessa Management, LLC's Texas Franchise Tax Public Information Report identifies Shafik Tejani and Noorali Karim as Managers.[3] Mr. Tejani's address is listed as 4113 Radcliff Drive, Midland, Texas. Mr. Karim's address is listed as 12194 Toscana Way, Frisco, Texas. An individual who is domiciled in a state is a citizen of that state for purposes of diversity jurisdiction.[4] Mr. Tejani is, and was at the time this action was filed, a resident of Texas with the intent to remain. Therefore, Mr. Tejani is domiciled in Texas. Mr. Karim is, and was at the time this action was filed, a resident of Texas with the intent to remain. Therefore, Mr. Karim is domiciled in Texas. Because both of its members are domiciled in the State of Texas, MT Odessa Management, LLC is a citizen of Texas for purposes of diversity jurisdiction. As a result, Plaintiff MT Odessa Hospitality, LTD is a citizen of Texas for diversity purposes.

9. Defendant AFM is an insurance company incorporated in the State of Rhode Island with its principal place of business in Rhode Island. AFM is thus a citizen of Rhode Island for diversity jurisdiction purposes.

10. Because Plaintiffs are citizens of Texas and AFM is a citizen of Rhode Island, complete diversity of citizenship exists in this lawsuit.

---

[1] *See* MT Odessa Hospitality, LTD's Texas Franchise Tax Public Information Report, Exhibit C.

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[3] *See* MT Odessa Management, LLC's Texas Franchise Tax Public Information Report, Exhibit D.

[4] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

**B.     Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

11.     Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[5]

12.     Here, Plaintiffs' Petition states that Plaintiffs seek to recover damages in excess of $250,000 in this lawsuit.[6] AFM denies the validity and merits of Plaintiffs' claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiffs. However, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

## IV.
## COMPLIANCE WITH 28 U.S.C. § 1446

14.     As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

---

[5]     *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[6]     *See* Plaintiffs' Petition, Exhibit B.

      a.      the docket sheet in the state court action, attached as Exhibit A to this Notice of Removal; and

      b.      each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibit B to this Notice of Removal.

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and AFM will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Affiliated FM Insurance Company hereby provides notice that this action is duly removed from the County Court at Law No. 1, Ector County, Texas, to the United States District Court for the Western District of Texas, Midland-Odessa Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

      Respectfully submitted,

**ZELLE LLP**

By:   */s/ Todd M. Tippett*
     Todd M. Tippett
     State Bar No. 24046977
     ttippett@zelle.com
     Crystal L. Vogt
     State Bar No. 24048768
     cvogt@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT AFFILIATED FM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 21st day of December 2021:

    Shannon E. Loyd
    State Bar 24045706
    shannon@lp-lawfirm.com
    Robert A. Pollom
    State Bar No. 24041703
    robert@lp-lawfirm.com
    LOYD & POLLOM, P.L.L.C.
    12703 Spectrum Drive, Suite 201
    San Antonio, TX  78249
    Telephone:    210-775-1424
    Facsimile:    210-775-1410
    ***Attorneys for Plaintiffs MTP Hospitality Solutions, Inc. and MT Odessa Hospitality, Ltd.***

                                          */s/ Todd M. Tippett*
                                          Todd M. Tippett